CHICAGO MUSIC CO. *v.* J. W. BUTLER PAPER CO.

*(Circuit Court, N. D. Illinois.* February 24, 1884.)

PLEADING—INFRINGEMENT OF COPYRIGHT—NECESSARY ALLEGATIONS.
    In a suit to recover for the infringement of a copyright, the declaration must
    set out in detail a substantial compliance with the various requirements of the
    copyright laws.

Demurrer to Amended Declaration.

*Frank J. Bennet*, for plaintiff.

*McCoy, Pope & McCoy*, for defendant.

BLODGETT, J. This is a demurrer to the amended declaration, in which there are five counts. It is a suit for the alleged infringement of a copyright. The allegation in each of these counts is that the plaintiff was proprietor of a certain musical composition entitled "I will meet her when the sun goes down," words and music by William Welch; that on October 19, 1882, plaintiff caused the same to be recorded in the office of the librarian of congress, and afterwards published divers copy of this musical composition, with the words "Copyrighted by the Chicago Music Company" printed on each copy; and that the defendant, since the recording of the said work in the office of the librarian of Congress, has infringed upon the plaintiff's exclusive right so secured to him by virtue of the copyright laws of the United States.

The question made by the demurrer is whether the plaintiff has sufficiently set out his title as the holder and owner of this copyright by this averment. The law authorizes the owner, author, or proprietor of a book, musical composition, etc, to copyright the same, and it is to be copyrighted by delivering at the office of the librarian of congress, or by depositing in the mail addressed to said librarian, before publication, a printed copy of the title of such book or musical composition; and also, within 10 days from the publication of such book or musical composition, the author or owner of the copyright must deliver at the office of the librarian of congress, or deposit in the mail addressed to such librarian, two copies of such book or composition. These are the steps which must be taken to secure the copyright in a musical composition like this. This exclusive right to authors is a monopoly for the term of the copyright, and in order to secure it there must be a substantial compliance with the terms of the statute. It is not like a patent in this: that an applicant for a patent applies to the commissioner of patents, setting out his claim, and a *quasi* judicial proceeding is instituted before the patent-office. An examination is made as to the novelty and usefulness of the invention, and if the allegations of novelty and usefulness are adjudged to be sustained, the patent-office issues a patent, which is *prima facie* evidence of both the novelty and usefulness of the device, and that the patentee

is the first inventor thereof. But the librarian of congress possesses no power in the premises; he simply receives the title when it is delivered or forwarded to him, and makes a record of it in his office, and receives the two copies of the publication when published, and which must be forwarded to him within 10 days after the publication is made, and makes a record of the receipt of the copies. The librarian issues no certificate, or anything in the nature of a patent; he simply makes a record, and whenever called upon has to make a certificate of whatever the records of his office show towards a compliance with the terms of the law. The rights of the party holding a copyright, therefore, depend wholly on whether he has in fact complied with the terms of the law or not, and not upon the fact that he has obtained a certificate from the librarian. In this case the five counts in the declaration are barren of any averment of compliance with the terms of the law. The plaintiff alleges he was proprietor of this musical composition, but he does not state how he became proprietor; he does not state except inferentially who was the author of the composition in question. He says that he was proprietor of a musical composition known by a certain title, the words and music by William Welch, but how he acquired the proprietorship from William Welch, or whether William Welch was the author, is only, as I said, inferentially to be obtained from any statement in the declaration. Nobody but the author, or some person who has acquired the author's right to a copyright, can obtain a copyright under the law; and I think that where a person attempts to copyright as proprietor, and avers that he has copyrighted as proprietor, he must show how he became proprietor, because no intendment will be made in favor of an exclusive monopoly of this character. The plaintiff must show that he has taken the steps required by law. Here there is no statement in the first place, as I have already said, that he ever was either the author or proprietor by virtue of having acquired the rights of the author; there is no averment that he ever filed with the librarian of congress, before publication, the title of the work, and that within 10 days after publication he delivered or forwarded to the librarian of congress the two copies required by the law which make his copyright complete.

The demurrer to this amended declaration must therefore be sustained.